KIRKPATRICK *et al. v.* CANDLER, Commissioner, *et al.*

No. 16608.   MAY 12, 1949.   REHEARING DENIED JUNE 16, 1949.

*Augustine Sams* and *H. C. Holbrook,* for plaintiffs.

*H. C. Schroeder, George D. Anderson,* and *J. A. McCurdy,* for defendants.

CANDLER, Justice. (After stating the foregoing facts.) The defendants demurred on the grounds among others, first, that the petition as amended fails to set forth a legal or valid cause of action; and second, that the allegations of the petition are insuf-

ficient to entitle the petitioners to the relief sought. The trial court sustained the above grounds of demurrer and dismissed the action.

The act approved March 9, 1943 (Ga. L. 1943, p. 930), is entitled: "An act to create and establish for DeKalb County, a County Planning Commission and Board of Zoning Appeals, and to authorize the Commissioner of Roads and Revenues of DeKalb County, Georgia, to create a County Planning Commission; to authorize said County Planning Commission to exercise the authority conferred upon them by law with reference to zoning property in said county; to provide that said Planning Commission may recommend to the Commissioner of Roads and Revenues a comprehensive plan of zoning; to provide that said Commissioner of Roads and Revenues may adopt the comprehensive zoning plan; said County Authority may provide a method and manner of carrying out the terms of this act; to provide that said County Authority may pass rules and regulations governing the zoning of property in DeKalb County; to provide a method of selecting the personnel to the County Planning Commission and to the Board of Zoning Appeals; to provide authority for said Commissioner of Roads and Revenues for DeKalb County to appropriate funds to provide for the personnel in carrying out the terms of this act; to provide that all laws dealing with zoning and regulating or restricting the use of property and with development of subdivisions now in force shall remain in full force and effect until such time as such comprehensive plan for zoning is adopted, and for other purposes."

Sections 8, 9, 10, and 17, of the above act, which purport to grant unto the Commissioner of Roads and Revenues or the Planning Commission therein created, the right to amend, modify, and rezone property, are attacked as being violative of article 3, section 7, paragraph 8 (Code, § 2-1808) of the State Constitution of 1877, which was then in force, providing that no law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof.

The title in question shows that the Commissioner of Roads and Revenues is authorized "to create a county planning commission"; to authorize said county planning commission to exercise

the authority conferred upon them by law with reference to zoning property in said county; to provide that said Planning Commission may recommend to the Commissioner of Roads and Revenues a comprehensive plan of zoning; to provide that said Commissioner of Roads and Revenues may adopt the comprehensive zoning plan; that said county authority may provide a method and manner carrying out the terms of the act; to provide that the county authority may pass rules and regulations governing the zoning of property in said county. The provisions contained in sections 8, 9, 10, and 17, of the act of 1943 are germane to the general purpose of the act as indicated in the title, and are not unconstitutional for the reason assigned. *Welborne v. State,* 114 *Ga.* 793, 816 (40 S. E. 857); *Davis v. Warde,* 155 *Ga.* 748, 771 (118 S. E. 378); *Wright v. Fulton County,* 169 *Ga.* 354 (2a) (150 S. E. 262); *Williamson v. Housing Authority of Augusta,* 186 *Ga.* 673, 679 (199 S. E. 43); *Walker Electrical Co. v. Walton,* 203 *Ga.* 246, 252 (46 S. E. 2d, 184).

Sections 8, 9, 10, and 17, of the act of 1943 are also attacked on the ground that they were without any authority of law, in that—while the amendment to the Constitution of 1877, as contained in article 3, section 7, paragraph 26 (Code, Ann., § 2-1826), provided that "The General Assembly of the State shall have the authority to grant to the governing authorities of any city or county in this State having a population of 1000 or more, according to the Federal census of 1930 or any future census, the authority to pass zoning and planning laws whereby such cities or counties may be zoned or districted for various uses and other or different uses prohibited therein, and to regulate the use for which said zones or districts may be set apart and to regulate the plans for development and improvement of real estate therein"—nevertheless, said amendment made no provision for the General Assembly to grant to the county authority the right to "rezone" property which had already been zoned or to change or modify any zoning of any property. There is no merit in this contention, for the reason that the authority of the General Assembly to grant to the governing authorities of any county the authority to pass zoning and planning laws whereby such counties may be zoned or districted for various uses and other or different uses prohibited therein, and to regulate the use for which

said zones or districts may be set apart and to regulate the plans for development and improvement of real estate therein, necessarily includes the authority of the General Assembly to grant to the county authorities the right to rezone property which had already been zoned.

Section 10 of the act of 1943 provides: "The Commissioner of Roads and Revenues of DeKalb County, Georgia, may, in the interest of public health, safety, order, convenience, comfort, property, or the general welfare of the community, adopt by resolution a plan or plans for the districting and/or zoning of the territory and land in DeKalb County, Georgia (outside of incorporated areas), for the purpose of regulating the location of businesses, trades, industries, residences, apartment houses, hotels, dwellings, outhouses, or any other uses of property or land, or for the purpose of regulating the height, kind and dimensions of buildings or other structures, including the type of material to be used in construction and regulations regarding the plumbing, heating and electrical installations; also he may prescribe for the same purposes the area or dimensions of the lots and the yards used in connection with any building or structures to be erected and occupied for any purpose set out in this section; or he may in his discretion regulate the alignment of buildings and structures and prescribe their distance from the street along the front thereof. The zoning regulations made may be based on any one or more of the purposes above described. The county may be divided into such number of zones or districts and such districts may be of such shape and area as the county authority may deem best suited to attain the purpose of zoning regulations. Such county authority may go into congested areas and prescribe zoning . . and he is to be the judge of where such congested areas may be and the extent and limitations thereof. In the determination and establishment of districts and regulations, classifications may be based on the nature or character of the trade, industry, profession or other activity conducted or to be conducted upon the premises or land, the number of persons, families or other group units to reside in or use such buildings, the public, quasi-public, or private nature of the use of the premises or land, or upon any other basis or bases relevant to the promotion of the public health, safety, order, morals, convenience, prosperity, or welfare of the community."

This section is attacked as violating article 3, section 7, paragraph 26 (Code, Ann., § 2-1826, Code, Ann., § 2-1923) of the Constitution, providing that the General Assembly shall have the authority to grant to the governing authorities of counties the authority to pass zoning and planning laws, in that the provisions of section 10 are unreasonable, arbitrary, capricious, and dictatorial, and the powers therein granted are without any suitable standard by which the county authority shall be governed. The act of the legislature under review provides that any change or amendment or modification of the zoning ordinance must first receive the consideration of the Planning Commission, which shall set a time and place for hearing and give notice thereof to the public as required by the act, and submit their recommendations to the Commissioner of Roads and Revenues, who shall likewise provide for a hearing and notice before making a decision in said case. The general purpose of the act is set forth in section 10, which shows that the Commissioner of Roads and Revenues shall be guided by the interest of public health, safety, order, convenience, comfort, property, and general welfare of the community in passing on any question over which he is given authority by said act. The enactment of zoning and planning laws is an essential factor in the orderly growth of any county or community. Decisions with respect to zones and districts and uses therein must be vested finally in some authority. The present act makes ample provision for notice and hearing and requires consideration by a Planning Commission and vests the final authority in a duly elected Commissioner of Roads and Revenues. The instant attack is based upon the contention that the powers granted by the legislature are unconstitutional because they are unreasonable and arbitrary. The General Assembly has more extensive powers than a city council. *Mayor &c. of Savannah v. Cooper*, 131 *Ga.* 670, 676 (63 S. E. 138) ; *Atlantic Postal Telegraph-Cable Co.* v. *Mayor &c. of Savannah*, 133 *Ga.* 66, 71 (65 S. E. 184). However, in *Clein v. Atlanta*, 164 *Ga.* 529 (139 S. E. 46, 53 A. L. R. 933), this court, in passing upon whether a city ordinance was unreasonable, said on p. 535: "Lawful trades or businesses are subject to regulation under the police power vested in the City of Atlanta. What such regulations shall be, and to what particular trade, business, or occupa-

tion this will apply, are questions for the city to determine. Their determination comes within the proper exercise of its police power; and unless the regulations are so utterly unreasonable and extravagant that the property and personal rights of the citizens are unnecessarily, and in a manner wholly arbitrary, interferred with or destroyed without due process of law, they do not exceed the limits of the police power of the city to pass. *Shurman v. Atlanta,* 148 *Ga.* 1, 11 (95 S. E. 698)." Applying the above principle, the provisions of the act of 1943 are not so arbitrary and unreasonable as to authorize this court to declare section 10 to be invalid.

Section 10 of the act of 1943 is also attacked as being violative of the due-process clauses contained in the fourteenth amendment (Code, § 1-815) of the Federal Constitution, and article 1, section 1, paragraph 3 (Code, § 2-103) of the State Constitution, in that there is no provision in the act for any appeal from any ruling by the Commissioner of Roads and Revenues. Section 14 of the act under review provides: "The Commissioner of Roads and Revenues of DeKalb County is authorized to create a Board of Zoning Appeals which said Board shall hear and decide appeals from, and review any order, requirement, or determination made by, the inspector of buildings in the enforcement of zoning regulations or made by any other official of the county to whom the enforcement of these regulations may be delegated." Under a proper construction of this section, the Commissioner of Roads and Revenues would be included in the language, "made by any other official of the county to whom the enforcement of these regulations may be delegated"; and therefore the Board of Zoning Appeals would be a proper tribunal to hear and decide appeals from, and review any order, requirement, or determination that was made by the Commissioner of Roads and Revenues in carrying out the provisions of section 10 of the act of 1943. The petitioners do not allege that a Board of Zoning Appeals had not been created as provided for in the act, and section 16 provides: "Every decision of the Board of Zoning Appeals in the administration of the authority hereinabove set out and in the administration of zoning regulations of said county shall be subject to writ of certiorari; issued from the superior court upon the same terms as such writs are issued in any case."

Another contention is, that the act of 1943 did not repeal the former act approved March 24, 1939 (Ga. L. 1939, p. 406), providing that no zone or district may be created without the consent given by written petition signed by the owners of 51 percent of the real property within the area zoned or districted; and that the above requirement was not complied with in the present attempt to rezone the realty for apartment use. The act of 1939, in addition to the above requirement, provided that "The Board of County Commissioners of Roads and Revenues, or the Ordinary or County Commissioner, as the case may be, having charge of the fiscal affairs of any county or counties having a population of not less than seventy thousand and not more than seventy-five thousand inhabitants, according to the 1930 Federal census, or any county or counties having a population within said limits according to any future Federal census, are hereby authorized to pass zoning and planning laws whereby such county or counties may be zoned or districted for various uses and other or different uses provided, . . and regulating the use for. which said zones or districts may be set apart and regulating the plans for development and improvements of real estate therein." Section 21 of the act approved March 9, 1943, declares in part "that until the adoption of the comprehensive zoning plan by the authority of DeKalb County, which is provided for in this act, . . the present laws of force and effect in said county concerning zoning and concerning the subdivision of property and the platting thereof remain in force and effect and until said time said laws are in no way amended, modified or repealed." Under this section, the provision of the act of 1939 requiring the consent of 51 percent of the landowners was not of force and effect in DeKalb County after the adoption of the Comprehensive Zoning Plan as provided for in the act of 1943.

The allegations of the petition as amended failed to state a cause of action for the relief sought, and the trial court did not err in sustaining the defendants' general grounds of demurrer.

*Judgment affirmed. All the Justices concur, except Wyatt, J., who dissents, and Duckworth, C. J., disqualified.*