22941. COTA et al. v. NORTHSIDE HOSPITAL
ASSOCIATION, INC. et al.

ARGUED MAY 11, 1965—DECIDED JUNE 14, 1965.

*Ben J. Camp, A. Tate Conyers,* for plaintiffs in error.

*Harold Sheats, Paul H. Anderson, Mitchell, Clarke, Pate &
Anderson,* contra.

ALMAND, Justice. Emmett F. Cota and others in their equitable petition, naming Northside Hospital Association, Inc., the named Commissioners of Roads & Revenues of Fulton County, and the Chief Inspector of the Fulton County Department of Public Buildings as defendants, prayed that (a) the action of the commissioners in granting a special use permit to Northside Hospital Association, Inc. be declared null and void; (b) that the defendant county officials be enjoined from issuing a permit to Northside Hospital Association, Inc. for the construction of a hospital and (c) that Northside Hospital Association, Inc. be enjoined from beginning construction of the hospital.

The separate general demurrers were sustained and the petition dismissed. Error is assigned on these orders.

The petition in substance alleged: on July 16, 1964, Northside Hospital Association, Inc. filed its petition to the county commissioners seeking a special use permit for the erection of a general hospital on its property on Johnson's Ferry Road under the provisions of Article 19 of the Zoning Resolution adopted by the commissioners; the petition was submitted to the Atlanta-Fulton County Joint Planning Board and the board on August 31, 1964, recommended that the application, with specified restrictions be granted, the petition came on regularly for a hearing before the commissioners on September 2, 1964; at this hearing several persons appeared and spoke in behalf of Northside Hospital Association, Inc., and an attorney appeared for a group of citizens who resided in the vicinity of the proposed site of the hospital, objecting to the erection of a hospital at the proposed site; eleven persons spoke in opposition to the grant of the special use permit; after a hearing the commissioners approved the recommendation of the Planning Board and the application of Northside Hospital Association, Inc. for a special use permit was approved by the commissioners.

Section 1 of Article XIX of the comprehensive Zoning Resolution of Fulton County, adopted by the commissioners, provides that the commissioners were authorized to grant a special permit for the erection of a hospital and "may impose appropriate conditions . . . to reserve the comprehensive plan and protect the character of the neighborhood," provided a public hearing be held by the Atlanta-Fulton County Joint Planning Board, after notice by advertisement, and a public hearing by the commissioners at their next regular meeting on the recommendations of the planning board.

No contention is made that these procedural requirements were not complied with in granting the special use permit.

■ The petitioners assert they were denied their legal and constitutional rights in that they appeared before the meeting of the commissioners and their demands that the witnesses be examined and that their counsel be given the right of examining the witnesses were refused.

We have found no provision in the laws empowering the governing authorities of Fulton County to adopt zoning laws (Ga. L. 1939, pp. 584-595; Ga. L. 1952, pp. 2689-2701) or in the

county's Zoning Resolution that requires witnesses to be sworn in a public hearing on application for the issuance of a special use permit. In acting on such application the board of commissioners acts as an administrative agency and does not act in a judicial capacity. Compare *Toomey v. Norwood Realty Co.*, 211 Ga. 814 (89 SE2d 265). The fact that no witnesses were sworn and that counsel for the objecting parties was not permitted to examine witnesses under oath would not render the board's granting of the permit either irregular or unlawful. See Amon v. City of Rahway, 117 N.J.L. 589 (190 A 506); Jacques v. Zoning Board &c. of Pawtucket, 64 R.I. 284 (12 A2d 222).

■ The remaining contention is that Article XIX of the Zoning Resolution does not provide any standards by which the rights of the applicant for a special use permit or the rights of the objecting property owners could be determined, and the action of the commissioners was arbitrary, unreasonable, unjust, capricious and discriminatory in violation of the petitioners' rights under the Fourteenth Amendment to the Federal Constitution.

This contention has been settled adversely to the petitioners in *Vulcan Materials Co. v. Griffith*, 215 Ga. 811 (1) (114 SE2d 29) and *Binford v. Western Electric Co.*, 219 Ga. 404 (1d) (133 SE2d 361). Both of these cases involved the grant of special use permits by the Board of Commissioners of Fulton County under Article XIX of the Zoning Resolution. This court in the *Vulcan* case in holding that under the Constitution (*Code Ann.* § 2-1923) and the Acts of the General Assembly empowering the governing authorities of Fulton County to enact zoning laws and regulations the courts are given no criteria or standards by which a judicial review of zoning by the board of commissioners within the Constitution and statutes can be made, said: "It would seem that the foregoing quotations from the Constitution and the statutes demonstrate plainly that the county commissioners have complete freedom to create any number of zones and districts and of such size and shape as they may arbitrarily choose. This means that they have the authority to create zones or districts of any size, whether 10 feet square or any number of acres in any conceivable shape. The utter impossibility of bringing the terms and conditions of such legislative

powers to judicial decisions perhaps explains why the county authorities are required to give persons to be affected by proposed zonings an opportunity to be heard. The kind of hearing is not prescribed, and irrespective of what is shown at such hearings, the authorities are given absolute power to proceed as they choose in total disregard of what such hearings reveal." *Vulcan Materials Co. v. Griffith,* 215 Ga. 811, 815, supra.

The court did not err in sustaining the general demurrers of the separate defendants.

*Judgment affirmed. All the Justices concur.*