24356. GUHL et al. v. MANNING et al.

DUCKWORTH, Chief Justice. This is an action seeking to enjoin the construction of certain apartments on certain property in DeKalb County, on the ground that the zoning amendment authorizing the same is too vague and indefinite, ambiguous and contradictory to be a valid amendment to the ordinance and is null and void. After a hearing the court denied the petitioners' prayers and the appeal is from that judgment. The complaint is that the property was rezoned for apartments but the amendment rezoning it authorized the building permit but it seeks to allow the construction of 96 buildings containing 372 apartment units in excess of the density allowed and a minimum of square footage less than in the original ordinance and thereby makes the amendment so vague and indefinite that it is a nullity. The evidence contained a site plan showing 372 units, buffer zones, streets and special requirements under which the zoning amendment was adopted. However, the petitioners seek to show that, by subtracting all streets, entrances and buffer zones from the total acreage, the remaining acreage would only authorize the density of 299 units instead of the 372 as authorized, and because of this

and the variation between the language of the amendment authorizing smaller apartments than the original ordinance the amendment is a nullity. *Held:*

Under the ruling in *Vulcan Materials v. Griffith,* 215 Ga. 811 (114 SE2d 29), the amendment of the zoning ordinance of DeKalb County by its governing authority in regard to this property was lawful. The density of the area as set up by the special requirements of the buffer zones and driveway systems and widening of the county road created a particular situation peculiar only to this one tract of land, and the zoning amendment provided generally for the application of RM-150 (apartment zoning) requirements with the particular conditions therein approved applying to this tract only. In other words the amendment applied to zoning of this property to the use of RM-150 zoning but with the special conditions attached to it and to none other. Further, it is not necessary to make a determination as to what controls a possible ambiguity in the size of the apartments approved in the amendment, that is whether Article XXIV (relating to interpretation and conflicts) of the original ordinance would require the larger size of apartment required by RM-150 or the smaller size shown in the amendment since the evidence clearly shows the larger size is proposed. Nor are we required to rule that the buffer zones remain R-100 as argued by counsel for the appellants. The amendment is not subject to the attack that it is null and void, and the lower court did not err in denying the prayers for equitable relief.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 14, 1967—DECIDED NOVEMBER 22, 1967.

*David H. Fink,* for appellants.

*Grant, Spears & Duckworth, William G. Grant, Murphy Candler, Jr., Herbert O. Edwards,* for appellees.