### 25540.   MORGAN et al. v. CHEROKEE HILLS DEVELOPMENT COMPANY et al.

SUBMITTED DECEMBER 8, 1969—DECIDED JANUARY 8, 1970—
REHEARING DENIED JANUARY 26, 1970.

*Rupert A. Brown,* for appellants.

*Fortson, Bentley & Griffin, Edwin Fortson,* for appellees.

ALMAND, Chief Justice.   This appeal is from an order dissolving a temporary restraining order and denying an interlocutory injunction.

H. C. Morgan and several others, as citizens and residents of Clarke County and owners of improved real estate in 2 described residential subdivisions, brought their equitable petition against Cherokee Hills Development Company, a corporation, hereinafter referred to as "defendant corporation"; 3 individuals constituting the Board of Commissioners of Roads and Revenues of Clarke County, and the County Building Inspector.

The complaint in substance alleged: Pursuant to provisions of the Act of 1957 as amended (Ga. L. 1957, p. 420; *Code Ann. Ch.* 69-12) the governing authorities of Clarke County and the City of Athens created a joint planning commission and thereafter in 1961, the county commissioners adopted a comprehensive zoning ordinance affecting land areas outside the corporate limits of municipalities and divided the areas into 13 zoning

districts, one of which is "R-15 Suburban Residential." The ordinance provided that the board of county commissioners could authorize multiple dwellings in R-15 districts. Section B of the ordinance provided: "The following use exceptions and those hereinafter provided for may be permitted in any district where such use is deemed essential to the public convenience or welfare, and is in harmony with the overall plan for the area in question; provided that said use will not adversely affect the health or safety of persons residing or working in the neighborhood of the proposed use, nor will be detrimental or injurious to property or improvements in the neighborhood, and provided further that all applicable requirements of these zoning regulations shall be complied with and provided further that said use will obtain authorization by the County Commissioners pursuant to a study and recommendation by the Planning Commission and an advertised public hearing held by the County Commissioners."

It was alleged that the corporate defendant is the owner of a described tract of land containing approximately 280 acres which had been zoned as R-15 suburban residential; that the corporate defendant sought to have this tract rezoned. The Planning Commission recommended that 36.74 acres of the tract be rezoned and multiple family and single family residences be permitted and this recommendation was approved by the county board. The grant of this conditional use was given after notice of a public hearing and a hearing was had by the board of county commissioners.

The petitioners are home and property owners in 2 residential subdivisions in areas abutting the land of the corporate defendant.

The grounds of the petitioners' objections to the rezoning of said tract were: (a) Such action was not essential to the general welfare and convenience of the community as provided by Section B of Article 8 of the zoning ordinance; (b) Such conditional use adversely affects the values of the properties of the homeowners and, (c) The county board abused its discretion in such action.

The petition alleged that the rezoning was void because no zoning board of appeals had been appointed as authorized by

the zoning ordinance adopted in 1961 and therefore the petition-ers have been deprived of due process in not having a board to review the action of the planning commission.

The prayers of the petition were: (a) To restrain and enjoin the corporate defendant from erecting apartments on said tract of land, and (b) to declare void the action of the board of county commissioners granting a conditional use of said property.

After a hearing the court entered an order dissolving the tem-porary restraining order and denying an interlocutory injunction.

1. Grounds 1, 2 and 3 of the enumeration of errors assert that the court erred in sustaining an objection interposed by the counsel for the appellees to the following question pro-pounded by counsel for the appellants to a witness for the ap-pellees: "What evidence did you have before you (the board of county commissioners) when you approved this grant of the right to erect 740 apartments on that area was essential to the public convenience and welfare?" The ground of the objection was that under Section B of the zoning ordinance the county board was authorized to permit the erection of apartments in an R-15 district without applying the criteria set out in Section B which dealt with excepted uses. The appellant contends the action of the board was an administrative act and there was no competent evidence to support the order of the board.

As we view the record it makes no difference whether the board acted in an administrative or in a legislative capacity. The zoning ordinance gave them the right to permit the erection of apartments in R-15 districts and they followed the criteria and procedure set out in Section B. Compare *Cota v. North-side Hospital Assn.*, 221 Ga. 110 (143 SE2d 167). These enumerations of error are without merit.

2. The 6th enumeration of error alleges that the court erred in not holding that the failure of the board to appoint a board of appeals rendered void the action of the board. Under Sec-tion 11 of the 1957 Zoning Act it is optional and not compulsory that the county governing body create a board of appeals. Their failure to so do does not render their action void.

3. Much evidence pro and con was introduced in the inter-locutory hearing as to whether the building of apartments on

the land of the corporate defendant would be injurious to the public convenience or welfare. It cannot be said that the evidence demanded a finding that the county board of commissioners abused their discretion or acted arbitrarily. As was said in Gorieb v. Fox, 274 U. S. 603 (a zoning case) and quoted with approval in *Schofield v. Bishop*, 192 Ga. 732, 740 (16 SE2d 714), "State legislatures and city councils, who deal with the situation from a practical standpoint, are better qualified than the courts to determine the necessity, character and degree of regulation which these new and perplexing conditions require; and their conclusions should not be disturbed by the courts unless clearly arbitrary and unreasonable. Zahn v. Board of Public Works (274 U. S. 325, 47 SC 594), and authorities cited."

The court did not abuse its discretion in denying an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*