26600.   ERVIN COMPANY v. BROWN et al.
26605.   SANDERS et al. v. ERVIN COMPANY et al.

Argued July 12, 1971—Decided September 8, 1971.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Hoke Smith, Douglas C. Lauderdale, Jr.,* for Ervin Company.

*Webb, Parker, Young & Ferguson, Paul Webb, Jr.,* for Brown et al.

*Peek, Whaley & Haldi, Glenville Haldi, J. Robert Hardcastle,* for Sanders.

FELTON, Justice. The construction of a zoning ordinance, under the facts, is a question of law for the courts, and in construing it the cardinal rule is to ascertain and give effect to the intention of the lawmaking body. *City of Rome v. Shadyside &c. Gardens,* 93 Ga. App. 759, 763 (92 SE2d 734). In determining the intent of the defendant commission in rezoning the subject property, all of the commission's words used to effect this revision should be given due weight and meaning; however awkward and unusual the language may be, the legislative intent manifested by it must be ascertained and enforced as the law. *Smith, Barry & Co. v. Davis,* 85 Ga. 625, 631 (11 SE 1024); *Falligant v. Barrow,* 133 Ga. 87, 92 (65 SE 149); *Davison v. Woolworth Co.,* 186 Ga. 663, 664 (198 SE 738, 118 ALR 1363). The phrase "pursuant with stipulations presented by Mr. Carnes," meant "in conformance to or agreement with" such stipulations and one synonym of "stipulation" is "condition." See Webster's Third New International Dictionary of the English Language, unabridged 1968 edition. Giving effect to this phrase, which was specifically included and italicized in the official commission minutes, therefore, demands the finding that the property was conditionally rezoned, the conditions being all of those stipulations made upon the rezoning hearing and entered in the official and public minutes of the board of commissioners.

That the original applicants for rezoning, the present appellant and the county commission all clearly understood the intent of the commission in the original rezoning to have been conditional rezoning, is apparent from the fact

that the attorney of the former owners and appellant's architect both requested, and were granted, an extension of the zoning deadline by the board of commissioners, which deadline is applicable only to conditional zoning under the Fulton County zoning regulations. Conditional zoning has been recognized and approved by this court. See *Guhl v. Manning,* 223 Ga. 796 (158 SE2d 230).

An examination of the record reveals that the plans submitted in support of the appellant's application for a building permit, were not in either strict or substantial compliance with the condition. Not having complied with the condition and not having a clear legal right to have the building permit issued to it, the appellant applicant was not entitled to the writ of mandamus, as the trial court properly held. See *Jowers v. Griffin,* 220 Ga. 242 (1) (138 SE2d 370) and cit.

The judgments of the trial court, denying the writ of mandamus and denying the motion to intervene, are affirmed.

*Judgments affirmed. All the Justices concur.*