31937. CROSS et al. v. HALL COUNTY et al.

HILL, Justice.

This appeal involves the rezoning of a 250-acre tract owned by Hall Paving Company from residential to industrial to permit the operation of a rock quarry on about 20 acres. Silvey Cross and other neighbors contest the rezoning approved by the Hall County Board of Commissioners. In *Hall Paving Co. v. Hall County,* 237 Ga. 14 (226 SE2d 728) (1976), we held that the Board of Commissioners need not enter findings of fact and conclusions of law to justify its rezoning action. Upon

remand the trial court reached the merits of the issues raised by plaintiffs' complaint and upheld the rezoning. Plaintiffs appeal.

1. Plaintiffs contend that the preponderance of the evidence was against the rezoning and that the board's action in rezoning the property therefore violated *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975). In *Barrett v. Hamby,* supra, this court said (p. 265): "As the individual's right to the unfettered use of his property confronts the police power under which zoning is done, the balance the law strikes is that a zoning classification may only be justified if it bears a substantial relation to the public health, safety, morality or general welfare. Lacking such justification, the zoning may be set aside as arbitrary or unreasonable. Nectow v. Cambridge, 277 U. S. 183, 188 (1928)." Plaintiffs argue here that this rezoning should be set aside as a violation of the above test.

*Barrett v. Hamby,* supra, as amplified in *Guhl v. Holcomb Bridge Rd. Corp.,* 238 Ga. 322 (232 SE2d 830) (1977), set forth the test for determining whether the county's denial of an application to rezone was sustainable in court. We must now determine whether that test is applicable to the grant of an application to rezone. The answer to this inquiry involves reexamination of the leading cases in this area.

In the landmark case of Village of Euclid v. Amber Realty Co., 272 U. S. 365 (47 SC 114, 71 LE 303) (1926), the Supreme Court upheld the validity of a municipal zoning ordinance attacked by a landowner on 14th Amendment due process and equal protection grounds. The landowner argued that the zoning ordinance deprived him of the use of his property so as to confiscate and destroy its value. The court examined the reasons for zoning and found the ordinance to be a valid exercise of the police power, saying (272 U. S. at 395): ". . . the reasons are sufficiently cogent to preclude us from saying, as it must be said before the ordinance can be declared unconstitutional, that such provisions are clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare."

In Nectow v. Cambridge, 277 U. S. 183 (48 SC 447, 72 LE 842) (1928), the court found a zoning ordinance to be invalid in a suit brought by a property owner who alleged that the ordinance deprived him of his property without due process. There the court said (277 U. S. 188): "The governmental power to interfere by zoning regulations with the general rights of the land owner by restricting the character of his use, is not unlimited, and other questions aside, such restriction cannot be imposed if it does not bear a substantial relation to the public health, safety, morals, or general welfare." We followed Nectow in *Barrett v. Hamby.*

Thus, we start from the proposition that a property owner may use his property as he sees fit, subject to such rights as others, including governments, may have to control the owner's use. In the case before us, the property owner could quarry rock upon its property except that the zoning ordinance previously in effect prohibited such operation. The property was rezoned.

Neighbors complained about this zoning change. They have standing to complain. These neighbors (plaintiffs) have not shown that the value of the property they own has been confiscated and destroyed. They have not shown that they have been deprived of the use of their property without due process of law. They have not shown a denial of equal protection or any other violation of their constitutional rights.

Neighbors of rezoned property cannot invalidate the rezoning by showing that the preponderance of the evidence was against the zoning change. When neighbors of rezoned property challenge the rezoning in court on its merits, it will be set aside only if fraud or corruption is shown or the rezoning power is being manifestly abused to the oppression of the neighbors. *Hudspeth v. Hall,* 113 Ga. 4, 7 (38 SE 358) (1901); *Kirkpatrick v. Candler,* 205 Ga. 449, 455-456 (53 SE2d 889) (1949); *Morgan v. Cherokee Hills Development Co.,* 226 Ga. 60, 63 (172 SE2d 669) (1970); 2 Rathkopf, The Law of Zoning and Planning (3d Ed.), 65-1 (1964); 8A McQuillin, Municipal Corporations (3d Ed.), § 25.279 (1976).[1] Having failed to show any

---

[1] So much of the first headnote and first division of

constitutional right of theirs being abridged by the zoning change, having failed to show fraud, corruption or manifest abuse of the zoning power, the plaintiffs have not shown error by the trial court in approving the rezoning.

2. Plaintiffs also contend that the rezoning was illegal for another reason, namely, that it was the result of an illegal agreement between Hall Paving Company and the Board of Commissioners. At the hearing before the Commissioners on the rezoning application, several of the neighboring landowners who opposed the rezoning mentioned that the road leading to the quarry needed paving. The president of Hall Paving Company offered to resurface the road. No further action was taken and the hearing was recessed for lunch. When the meeting resumed, one of the Commissioners asked, "Didn't you say you would resurface the road?" When the president replied in the affirmative, the rezoning resolution was passed "provided that [Hall Paving Company] will agree to resurface the road." Plaintiffs contend that this rendered the rezoning invalid.

Generally, courts declare conditional zoning to be valid, unless the conditions constitute contract zoning which will be declared invalid. Miller, Wm. S., "The Current Status of Conditional Zoning," Institute on Planning, Zoning and Eminent Domain 121 (1974); Anderson, American Law of Zoning §§ 8.20, 8.21 (1968); see also 3 Rathkopf, Law of Zoning and Planning, 74-9 (1960); Trager, "Contract Zoning," 23 Maryland L. Rev. 121 (1963); Schaffer, "Contract Zoning and Conditional Zoning," 11 Practical Lawyer No. 5, p. 43 (1965).

Conditional zoning has been found to be valid in Georgia. *Ervin Co. v. Brown,* 228 Ga. 14 (183 SE2d 743) (1971).

Having determined that contract zoning is invalid and that conditional zoning is valid, we must avoid deciding first whether the zoning is valid or invalid and

the opinion in *Vulcan Materials Co. v. Griffith,* 215 Ga. 811 (114 SE2d 29) (1960), as is contrary to the above, has been and is hereby overruled.

then declaring that the invalid zoning is contract zoning and the valid zoning is conditional zoning. Moreover, the distinction between contract zoning and conditional zoning is not whether there was offer, acceptance and consideration.

Conditional zoning is rezoning subject to conditions which are not applicable to other land similarly zoned. Anderson, supra, § 8.20; Miller, supra. Generally, such conditions will be upheld when they were imposed pursuant to the police power for the protection or benefit of neighbors to ameliorate the effects of the zoning change. Anderson, supra; Miller, supra. Other conditions imposed on rezoning are generally invalid, particularly where the zoning board is motivated to allow the change by the conditions offered or proposed by the rezoning applicant, so that the rezoning is granted as a consequence of the conditions rather than as an exercise of legislative discretion. Rathkopf, supra; Anderson, supra; Miller, supra.

The determination of validity of the conditions will vary depending upon who challenges them (the owner of the rezoned land, or his neighbor).[2] Where the conditional zoning is otherwise valid, the conditions imposed for the protection or benefit of neighbors cannot be attacked successfully by those neighbors. When the zoning change itself is valid as to the neighbors (see Division 1 above), the conditions attached thereto in favor of the neighbors do not invalidate either the zoning change or the conditions.

In State v. City of Spokane, 70 Wash. 2d 207 (422 P2d 790) (1967), the court upheld the condition agreed to by the rezoning applicant that the applicant pay $75,000 for street construction made necessary by the zoning change. The conditional zoning was challenged there by neighbors of the rezoned property. Without approving such cash transactions, we can cite State v. City of Spokane for the

---

[2] The owner of the rezoned land may be estopped from objecting to the conditions by having proposed or consented to them. And the conditions may be upheld against the unestopped owner as being sustainable under the police power.

proposition that rezoning conditioned on the road improvements required here by a paving company is conditional zoning rather than contract zoning.

The trial court did not err in refusing to set aside the conditional zoning.

3. Two months after the rezoning resolution was adopted, Hall Paving Company proposed to the Board of Commissioners that it would widen the road without cost to the county if the board would ask the State Department of Transportation to resurface the road. The proposal was adopted by the board. Plaintiffs were not present at this meeting nor did they have notice of it. They contend that this change of conditions rendered the earlier rezoning illegal in view of their absence.

The paving condition was an attempt by the board to ameliorate the effects of the zoning change. That condition continues to exist. Allowing Hall Paving Company to switch its contribution from paving the road to widening it still serves to lessen the harsh impact the rezoning will have upon the area. Zoning notice and hearing were not required.

4. There was evidence to support the trial court's finding that a rock quarry on this property would not constitute a nuisance per accidens. See 23 EGL Nuisances, § 4. The court did not err in denying relief prior to commencement of operation of the quarry.

*Judgment affirmed. All the Justices concur, except Ingram, J., who concurs in the judgment only, and Hall, J., who concurs specially. Bowles, J., not participating.*

Argued February 15, 1977 — Decided April 27, 1977.

*Douglas Parks, Robert J. Reed,* for appellants.
*Telford, Stewart & Stephens, Douglas Stewart, Greer, Deal, Birch, Orr & Jarrard, Tifton S. Greer,* for appellees.

Hall, Justice, concurring specially.

Though I concur in the result and general reasoning of the majority opinion, I want to set out my understanding of how this newest addition to our recent

zoning decisions fits into the total fabric which the court has woven.

The question for a citizen confronting the zoning power is how to put together an evidentiary case to take advantage of recent rulings giving him a day in court.

As an initial matter, I conclude that the "principal land" and "neighboring land" (for want of better terms) are protected by the same standard. In fact, I conclude that the undoubted dearth of authority on this point, in cases and treatises alike, stems from the fact that the sameness of the standard for the principal and the neighboring landowners is assumed without discussion.

Our state's legislative grant of zoning power to local governing authorities expresses delicate zoning considerations which appear to mix the interests of the principal land and the neighboring land into the same formula: "[S]uch [zoning] regulations *shall* be made with reasonable consideration . . . of the character of the district and its peculiar suitability for particular uses, and with a view to promoting desirable living conditions and the sustained stability of neighborhoods, [and] protecting property against blight and depreciation. . . ." Code Ann. § 69-1207. (Emphasis supplied.) Therefore, whether one attacks an Act of the zoning authority affecting his own land or that of another, the test is the same: absent fraud or corruption, the question is whether there has been a manifest abuse of the rezoning power. The next question is how this may be shown.

In *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975) the board's evidence supporting its refusal to rezone the land in question was so minimal as to amount to no evidence. *Barrett* thus shows that evidence by a property owner can carry the day where the board practically defaults. The question is what the property owner must do where there *is* evidence by the governing authority. *Guhl v. Holcomb Bridge Road Corp.,* 238 Ga. 322 (232 SE2d 830) (1977) describes the property owner's burden and tells *how much* he must show to win: he must overcome the presumption of zoning validity by "clear and convincing evidence." Id. at 323. In order to find out what *kind* of evidence can be clear and convincing he should be guided by the applicable statutes, principally Code §

69-1207 quoted above. The elements enumerated in that statute for consideration are relevant in making out his case.

Treatises on zoning also provide helpful evidentiary pointers: "The basic rule . . . [is that] if a change of zone is reasonable and is in accordance with the comprehensive plan of the zoning ordinance and can be justified as contributing to the public health, safety and general welfare, it will not be held invalid as 'spot zoning,' even though the reclassification affects only a single piece of property or may incidentally discriminate in favor of the owner thereof." 1 Rathkopf, the Law of Zoning and Planning, p. 26-14 (1974) (footnotes omitted). "The uniform rule as set out in all of the cases is that consistency between the treatment accorded the parcel rezoned and the scheme of zoning set out in the general or comprehensive plan is the essential test." Id. at p. 26-5.

If the action of the governing authority does not meet the test of the statute and the test capsuled by Rathkopf, then in my opinion that action is a manifest abuse of power within the meaning of the majority opinion.

The neighbors' evidence in the instant case was inadequate to make this showing and I agree that no manifest abuse of the zoning power has been shown here.