## 32588. COLUMBIA COUNTY et al. v. FLEMING et al.

PER CURIAM.

Claussen Paving Company applied for rezoning of a tract of land to M-2 to allow rock quarrying (strip mining). The board of commissioners delayed the application in order to receive and consider a report on the application to be prepared by a study committee. In approving the rezoning, the board of commissioners imposed most of the conditions on use of the land recommended by the study committee.

One of the recommended conditions was that no quarrying operations be conducted within 2,500 feet of the southeast corner of the adjoining property, on which a junior high school sits. Instead of this condition, the board of commissioners restricted operations to areas more than 2,500 feet from the center of the school building, reducing the buffer zone by about 1,200 feet. The board of education challenged this reduction in superior court, and prevailed.

The sole issue on this appeal is whether appellees carried their burden of proving this rezoning to be unlawfully permissive. See *City of Smyrna v. Ruff*, 240 Ga. 250 (240 SE2d 19) (1977); *Cross v. Hall County*, 238 Ga. 709 (1) (235 SE2d 379) (1977); *Guhl v. Holcomb Bridge Rd. Corp.*, 238 Ga. 322 (232 SE2d 830) (1977); *Barrett v. Hamby*, 235 Ga. 262 (219 SE2d 399) (1975). The only evidence in the record which supports appellees' position is the conclusion of the study committee report that the larger buffer zone was required. The board of commissioners was not bound by these recommendations. Other conditions were imposed which the commissioners could view as sufficient to allow a reduced buffer zone, e.g., a restriction on blasting to after-school hours, and the requirement of a fence. Moreover, there was evidence that the reduced buffer zone would greatly increase the value of the property for quarrying. We find no manifest abuse of the zoning power.

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 29, 1977 — DECIDED JANUARY 31, 1978.

*Fulcher, Hagler, Harper & Reed, James Walker Harper, Burnside, Dye, Miller & Bowen, A. Rowland Dye,* for appellants.

*Knox & Evans, Robert E. Knox, Jr.,* for appellees.