33261. COCROFT et al. v. PETERS et al.

JORDAN, Justice.

George C. Cocroft and others, property owners in the vicinity of Allgood United Methodist Church, appeal from an order denying them an interlocutory injunction and declaring that a variance granted to the church was valid.

In their complaint against officials of the Allgood United Methodist Church, members of the Board of Commissioners of DeKalb County, and the county, the appellants sought to have declared void a variance granted to the church, and to enjoin the church from completion of a softball field on its property.

The zoning ordinance of DeKalb County provides that where a church is in a residential district, any building or structure shall be set back not less than 75 feet from any property line. The church was granted a variance from this requirement to permit it to erect a fence and a backstop for its ball field less than 75 feet from its property line.

In dealing with matters of rezoning this court in *Cross v. Hall County,* 238 Ga. 709, 711 (235 SE2d 379) (1977), held: "Neighbors of rezoned property cannot

invalidate the rezoning by showing that the preponderance of the evidence was against the zoning change. When neighbors of rezoned property challenge the rezoning in court on its merits, it will be set aside only if fraud or corruption is shown or the rezoning power is being manifestly abused to the oppression of the neighbors." See also *Columbia County v. Fleming,* 240 Ga. 604 (241 SE2d 833) (1978).

The same rule would apply in the grant of variances. The evidence in the present case did not show fraud or corruption, nor that the right to grant a variance was manifestly abused to the oppression of the neighbors. The use of the church's grounds for recreational purposes is not prohibited by the zoning ordinance. The erection of the fence and backstop was for the protection, and not the oppression, of the neighbors.

The operation of a ball field for the recreational purposes of the church is not a nuisance per se. The trial judge did not err in refusing to grant an injunction against the completion of the ball field on the evidence of speculative injury to the neighbors in the operation of the field.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs specially.*

ARGUED FEBRUARY 13, 1978 — DECIDED APRIL 3, 1978.

*Mackay & Elliott, James A. Mackay, Thomas W. Elliott,* for appellants.

*Davis, Casto & Norvell, Philip M. Casto, George P. Dillard, Gail C. Flake, Thomas O. Duvall, Thomas O. Duvall, Jr.,* for appellees.

HALL, Justice, concurring specially.

I concur in the judgment for the sole reason that I find no manifest abuse of discretion by the trial court in denying the interlocutory injunction.