36792, 36815. JOHNSON et al. v. GLENN et al. (two cases).

MARSHALL, Justice.

This case involves the rezoning of a 189.3-acre tract of land located at the intersection of Ga. Hwy. 400 and Abernathy Road. The Fulton County Board of Commissioners rezoned this tract from low density residential (R-2) to office and institutional, community business, and multi-family residential. The plaintiffs are residents of Spalding Woods Subdivision, which is adjacent to the rezoned property. The defendants are the owners and developers of the property, and the Fulton County Commission. The plaintiffs filed this suit to enjoin the development of the property in accordance with the rezoning. In Case No. 36792, the plaintiffs appeal from the trial court's denial of their request for a preliminary injunction. In Case No. 36815, the plaintiffs appeal from the trial court's subsequent grant of the defendants' motion for summary judgment. We affirm.

The plaintiffs present only two arguable reasons for invalidating the rezoning of the subject property. First, they argue that the rezoning of this tract for other than low-density residential use is not in accordance with the Fulton County Comprehensive Land Use Plan, which has this area zoned for residential use. Therefore, the plaintiffs argue that the rezoning of this tract constitutes illegal "spot zoning." See generally *East Lands, Inc. v. Floyd County,* 244 Ga. 761 (262 SE2d 51) (1979). Second, they argue that the rezoning is conditioned on an agreement by the rezoning applicants to dedicate 6.3 acres of the tract for use as an interchange at the intersection of Abernathy Road and Ga. Hwy. 400, and, therefore, the rezoning constitutes invalid contract rezoning. See *Cross v. Hall County,* 238 Ga. 709, 712-714 (235 SE2d 379) (1977). We find both of these arguments to be without merit.

Although it is true that the rezoning of this property for other than low-density residential use is not in accordance with the origi-

nal Fulton County Comprehensive Land Use Plan, the rezoning is in accordance with the Sandy Springs Busway Station Area Development Plan, which has been incorporated into the Fulton County plan. The planning commission may add to and change the master land use plan.

The record in this case also shows that the rezoning of this property was based on myriad conditions, which were imposed for the protection of neighboring property owners in order to ameliorate the effects of the zoning change. The rezoning is, therefore, valid conditional rezoning, rather than invalid contract rezoning. *Cross v. Hall County,* supra.

In any event, it has been held that, "[w]hen neighbors of rezoned property challenge the rezoning in court on its merits, it will be set aside only if fraud or corruption is shown or the rezoning power is being manifestly abused to the oppression of the neighbors. *Hudspeth v. Hall,* 113 Ga. 4, 7 (38 SE 358) (1901); *Kirkpatrick v. Candler,* 205 Ga. 449, 455-456 (53 SE2d 889) (1949); *Morgan v. Cherokee Hills Development Co.,* 226 Ga. 60, 63 (172 SE2d 669) (1970); 2 Rathkopf, The Law of Zoning and Planning (3d Ed.), 65-1 (1964); 8A McQuillin, Municipal Corporations (3d Ed.), § 25.279 (1976)." *Cross v. Hall County,* 238 Ga. 709, supra, p. 711. We agree with the trial court that there is nothing in the record to support a finding of fraud or corruption, or manifest abuse of the zoning power to the oppression of the neighbors.

We pretermit, and therefore do not answer, the question of whether the plaintiffs even have standing to obtain judicial review of the rezoning decision. See generally *Brock v. Hall County,* 239 Ga. 160 (236 SE2d 90) (1977).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 22, 1980 — REHEARING DENIED NOVEMBER 18, 1980 IN CASE NO. 36815.

*George P. Dillard,* for appellants.

*Webb, Young, Daniel & Murphy, Franklin N. Biggins, King & Spalding, Charles M. Shaffer, Jr., Andrew C. Williams,* for appellees.