40624, 40625. DeKALB COUNTY et al. v. WAPENSKY et al. (two cases).
(315 SE2d 873)

SMITH, Justice.

This is a zoning variance case. Appellants in case number 40625, DeKalb County et al., have adopted and rely on the enumeration and arguments submitted by appellant Eli Lee Corporation in case number 40624. Therefore these two cases will be treated as one.

Appellees are neighbors who reside on lots adjacent to (but for one appellee) the property owned by appellant Eli Lee Corporation, which proposed to develop the parcel it had assembled in 1981 by constructing a high-rise condominium tower. However, the building and site use plan violated certain of the DeKalb County zoning ordinances and in December 1981, Eli Lee sought four variances needed in order for the project to proceed. The first and most important of these variances concerned a request to allow a 33% reduction in required lot width at the minimum building setback line. Eli Lee contended that without this variance it could not build the proposed high-rise condominium tower.

The DeKalb County Development Department recommended approval of the first three of the variances, and the fourth was withdrawn. The neighbors opposing the project appealed to the DeKalb County Board of Zoning Appeals, which in January 1982 voted to

deny all the requested variances. Eli Lee appealed this decision to the DeKalb County Board of Commissioners, pursuant to DeKalb County Code § 11-2324. At a hearing in February 1982, that board approved the first variance, concerning minimum lot width, and turned down Eli Lee's appeal on the remaining two.

In March 1982, the appellees filed suit in DeKalb Superior Court contesting this decision. In April 1983, appellees filed a motion for partial summary judgment, contending that the Board of Commissioners had abused its discretion in granting the single variance. The trial court granted this motion, at the same time ruling that the neighbors had standing to challenge the decision of the Board of Commissioners in superior court. It is from the order granting this motion that both Eli Lee and DeKalb County now bring this appeal.[1] We affirm.

1. In their only enumeration appellants contend that it was error for the trial court to grant appellees' motion for summary judgment in that there was a genuine issue of material fact as to whether appellees had standing to challenge in superior court the grant of the variance in question.

We have recently examined the issue of standing in a case involving owners of property of adjoining land seeking to challenge a rezoning. In *Brand v. Wilson*, 252 Ga. 416 (314 SE2d 192) (1984), we said that there were two steps to standing: First, that a person claiming to be aggrieved must have a substantial interest in the zoning decision, and second, that this interest be in danger of suffering some special damage or injury not common to all property owners similarly situated. By "similarly situated," we refer to persons in the general community who may merely suffer inconvenience and exclude those persons who stand to suffer damage or injury to their property which derogates from their reasonable use and enjoyment of it. Although such tolerable inconvenience includes increased traffic in a central

---

[1] We first note that our decisions in cases prior to November 1, 1982, were rendered in light of Ga. Code Ann. Ch. 69-8, which addressed local zoning and planning. This chapter was repealed and not reenacted in the Official Code of Georgia, pursuant to Art. IX, Sec. IV, Par. II of the Georgia Constitution of 1976, which provided that "the General Assembly shall not, in any manner, regulate, restrict, or limit the power and authority of any county, municipality, or any combination thereof, to plan and zone as herein defined." See *Warshaw v. City of Atlanta*, 250 Ga. 535, 536-537 (299 SE2d 552) (1983). See also Degnan, Zoning and the Judiciary, 30 Emory L.J. 823, 827 (1981). Therefore those prior cases where the court's decision relied on a state statute regulating county or municipal zoning practices will be analyzed and accorded precedential value under the principles of stare decisis, and not according to the canons of statutory construction heretofore applicable.

Although it is technically a variance from extant zoning requirements that is at issue here and not a rezoning, we liken this case to those involving suits by neighbors contesting a zoning body's action in rezoning and find those cases sufficiently analogous to provide authority for deciding the question presented in the present controversy. See e.g., *Cocroft v. Peters*, 241 Ga. 115 (244 SE2d 6) (1978).

business district, see e.g., *Victoria Corp. v. Atlanta Merchandise Mart*, 101 Ga. App. 163 (112 SE2d 793) (1960), it does not include a diminution in value to a homeowner living across the road from a proposed hotel who suffers losses exceeding his neighbors'. See *Burry v. DeKalb County*, 165 Ga. App. 246 (299 SE2d 602) (1983).

Reviewing the facts of the present case, we conclude that these adjoining property owners who will bear the brunt of the changed conditions resulting from development of the site in question have a substantial interest in the decision of the DeKalb County Board of Commissioners to reverse the DeKalb County Board of Zoning Appeals and grant a variance to allow reduced minimum lot width. These parties are not casting themselves in the role of "champions of the community," against which the Court of Appeals warned in *Victoria Corp.*, supra, but have in fact presented evidence of an interest of real worth and importance.

The second standing requirement is that citizens having a substantial interest must suffer substantial damage by reason of the contested zoning variance. *Brand v. Wilson*, supra at 417. In *Brand* we concluded that evidence of a 15-20 percent decline in value of a complainant's property (which adjoined the site in question) was sufficient evidence upon which a trial court might find substantial damage to a substantial interest. In the present case not only was there testimony that the value of neighboring properties would be reduced, but that additional damages in the form of noise, odor, and visual intrusions on peace and privacy would occur to deny in varying degrees the complainants' use of their property. These are sufficient substantial damages and in these circumstances the second standing requirement was met. Therefore, we find that there remains no genuine issue of material fact as to whether appellees had standing to contest the zoning decision of the DeKalb County Board of Commissioners in superior court and the trial court was correct in so ruling.

2. Appellant also contends that it was error to grant the appellees' motion for summary judgment in that appellees failed to show fraud, corruption or manifest abuse of the zoning power to the oppression of the neighbors, citing *Johnson v. Glenn*, 246 Ga. 685 (273 SE2d 1) (1980).

Appellees submit that the trial court was correct in finding abuse of discretion because the Board of Commissioners failed to consider the appropriate evidence of hardship necessary to authorize issuance of the variance. The trial court concluded on this issue that to justify grant of a variance application, the applicant must establish that exceptional topographic or other extraordinary or exceptional conditions pertain to a subject property and that denial of the variance request will result in practical difficulties or undue hardship. The trial court also concluded that mere inconvenience does not constitute

hardship or practical difficulty so as to justify a variance. See *International Funeral Services v. DeKalb County*, 244 Ga. 707, 710 (261 SE2d 625) (1979). See also Code of DeKalb County, § 11-2343 (3) (variances).

Applying this standard to the evidence submitted in defense of the motion, the trial court found that the Board of Commissioners did not hear evidence from Eli Lee Corporation that exceptional topographic conditions or other exceptional or extraordinary conditions pertained to the subject property or that denial of the variance would result in practical difficulties or undue hardship. Eli Lee Corporation showed only that it would elect not to build the high-rise if the variances were denied. Reviewing the evidence transmitted to this court in the record, which includes a transcript of the hearing on this matter before the DeKalb County Board of Commissioners, and construing that evidence most favorably for the appellant and against the appellee, we conclude that the trial court was correct in its ruling that no evidence of hardship or practical difficulty so as to justify the variance was forthcoming. Therefore there is no material issue of fact remaining and no merit in this enumeration.

*Judgment affirmed. All the Justices concur, except Hill, C. J., Marshall, P. J., and Weltner, J., who dissent as to Division 2.*

DECIDED MAY 16, 1984 — REHEARING DENIED JUNE 12, 1984.

*Zachary & Segraves, Kenneth W. Carpenter, George P. Dillard, Richard W. Calhoun*, for appellants.
*Valianos, Joh & Homer, Kathryn M. Zickert*, for appellees.

HILL, Chief Justice, concurring in part and dissenting in part.

I join the first division of the opinion of the court and, as to it, I write separately to state a "rule of thumb" which, although to me very practical in cases such as this, may not be sufficiently legalistic to warrant adoption as a rule of law. In *Brand v. Wilson*, 252 Ga. 416 (314 SE2d 192) (1984), we adopted a two step test for standing. I respectfully submit that in practice a neighbor who can *see, hear* or *smell* the proposed development, if its sight, sound or odor be offensive, has standing under the *Brand v. Wilson* test. Certainly, an adjacent property owner, whose property *touches* the property to be developed, has standing to object to its rezoning, or the allowance of a variance. Because this "rule of thumb" is satisfied in this case, I join Division 1 of the majority opinion.

However, I must dissent to Division 2. In that division, the majority rely upon *International Funeral Services, Inc. v. DeKalb County*, 244 Ga. 707 (261 SE2d 625) (1979). In that case the variance was denied by the county, and the applicant sought to show the court

that denial of the variance was arbitrary, capricious or an abuse of discretion. Here the variance was granted by the county. Therefore it was not necessary for the applicant to justify or establish in court its right to the variance, as the trial court concluded (with the majority's approval). Instead, the burden of proof in court was on the opponents, the plaintiffs, to show fraud, corruption or manifest abuse of the power to grant variances to the oppression of the neighbors. See *Cross v. Hall County*, 238 Ga. 709, 711 (235 SE2d 379) (1977). I therefore dissent.

I am authorized to state that Presiding Justice Marshall and Justice Weltner join in this dissent as to Division 2 of the majority opinion.