## 44724. NORTHRIDGE COMMUNITY ASSOCIATION, INC. et al. v. HABERSHAM AT NORTHRIDGE et al.
### (363 SE2d 251)

HUNT, Justice.

Northridge Community Association, Inc., a neighborhood association, and two of its members ("the neighbors") filed this action against Habersham at Northridge ("the developer"), the Board of Commissioners of Fulton County ("the Board"), and three Fulton County officials. The neighbors sought to invalidate the rezoning of 14 ½ acres from agricultural and residential use to office and institutional use which would permit the construction of the developer's proposed office project. The trial court dismissed the neighbors' com-

plaint against all the defendants, holding that the neighbors had lacked standing to bring the action and had failed to state a claim against the defendants. We affirm in part and reverse in part.

Notwithstanding the affidavits and discovery in the record, the parties agree that the complaint was dismissed for defects in the pleadings. Thus, the issue here becomes whether the plaintiffs' complaint states a claim under the "notice" pleading permitted by the Civil Practice Act. In their six-count complaint, the neighbors argue the rezoning decision violates not only the state and federal constitutions, but also the Fulton County Zoning Resolution and the Zoning Proposal Review Procedures Act, the so-called "Steinberg Act"[1] (OCGA § 36-67-1 et seq.).

1. In Count I of their complaint, the neighbors allege constitutional violations regarding an order entered in an earlier case concerning the subject property and consented to by the developer and the Board. Contrary to the neighbors' contention, the consent order was not a "zoning decision" as defined in OCGA § 36-66-3 (4), and they were therefore not entitled to notice of the consent order under OCGA § 36-66-4. Since we find no merit in any of the neighbors' other arguments regarding Count I, we consequently find no error by the trial court in dismissing that count of the complaint.

2. The developer contends the trial court's dismissal of those counts pertaining to the Steinberg Act ("the Act") was also without error because the Act is unconstitutional, violating Art. III, Sec. VI, Par. I of the 1983 Georgia Constitution, which authorizes the General Assembly to make laws not inconsistent with the state and federal Constitutions. The constitutional authority for the Act is found in Art. II, Sec. II, Par. IV, which states: "The governing authority of each county and of each municipality may adopt plans and may exercise the power of zoning. This authorization shall not prohibit the General Assembly from enacting general laws establishing procedures for the exercise of such power."

The Act's stated purpose is to "ensure that governing authorities will make zoning decisions consistently and wisely and in keeping with the long-range requirements of the public health, safety, and welfare. . . . The procedures required by this article will help to ensure that zoning decisions are made on the basis of a record which will contain matters necessary to the consistent and wise decision of zoning matters in highly urban areas . . . will help citizens of the affected local governments in presenting and articulating their viewpoints on zoning matters, [and] . . . will help to ensure that court

---

[1] The Act is referred to as the "Steinberg Act" for its primary sponsor, State Representative Cathey W. Steinberg of DeKalb County, who has taken a leading role in attempting to resolve zoning and land use problems in this state.

decisions, when courts are required to intervene in zoning matters, will be made on the basis of a record which will contain matters necessary to the consistent and wise judicial decision of such zoning matters." The Act, limited to municipalities and counties of certain populations,[2] requires that for each zoning proposal, the rezoning applicant, as well as the local government's planning department or similar agency, prepare analyses of the proposed rezoning with respect to six factors,[3] and that the local government consider those analyses at any hearing or meeting at which the proposal is under consideration. OCGA §§ 36-67-3; 36-67-4; 36-67-5; 36-67-6. See *Cobb County Bd. of Commrs. v. Poss*, 257 Ga. 393, 397 (5) (359 SE2d 900) (1987). The Act's provisions, while being reasonably related to the Act's purposes and strictly procedural, neither bind the local government in any way nor infringe on its ability to "exercise the power of zoning"; they therefore — contrary to the developer's claim — do not exceed the Act's constitutional authorization.

3. Furthermore, with the exception of Count I, the neighbors' complaint does indeed state a claim under the Civil Practice Act. See *DeKalb County v. Wapensky*, 253 Ga. 47 (1) (315 SE2d 873) (1984); *Brand v. Wilson*, 252 Ga. 416, 417 (2) (314 SE2d 192) (1984); *Cross v. Hall County*, 238 Ga. 709, 711 (1) (235 SE2d 379) (1977). Moreover, the allegations in the neighbors' complaint are certainly sufficient to meet the requirements for standing in this case. *DeKalb County v. Wapensky*, supra, 253 Ga. at 49 (Justice Hill, concurring specially); *Moore v. Maloney*, 253 Ga. 504, 506 (1) (321 SE2d 335) (1984); *Lindsey Creek Area v. Consolidated Govt.*, 249 Ga. 488, 490 at n. 4 (292 SE2d 61) (1982). The trial court therefore erred in dismissing the neighbors' complaint *in toto*.

4. In conclusion, we emphasize that this appeal is from the dismissal of a complaint on the pleadings. With the exception of Count I, the neighbors' complaint should not have been dismissed, but should have been entertained under the liberal notice pleading per-

---

[2] In excess of 100,000 and 400,000, respectively. OCGA § 36-67-1.

[3] "(1) Whether the zoning proposal will permit a use that is suitable in view of the use and development of adjacent and nearby property;

(2) Whether the zoning proposal will adversely affect the existing use or usability of adjacent or nearby property;

(3) Whether the property to be affected by the zoning proposal has a reasonable economic use as currently zoned;

(4) Whether the zoning proposal will result in a use which will or could cause an excessive or burdensome use of existing streets, transportation facilities, utilities, or schools;

(5) If the local government has an adopted land use plan, whether the zoning proposal is in conformity with the policy and intent of the land use plan; and

(6) Whether there are other existing or changing conditions affecting the use and development of the property which give supporting grounds for either approval or disapproval of the zoning proposal." OCGA § 36-67-3.

mitted by the Civil Practice Act. Whether their claims can be supported by sufficient evidence is another matter.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED JANUARY 6, 1988.

*Kathryn M. Zickert,* for appellants.

*Franklin N. Biggins, George P. Dillard, G. Douglas Dillard, Shawn D. Stafford, Thomas A. Bowman,* for appellees.