## 28387. RAMPEY v. JENKINS.

Undercofler, Justice. The question here is whether appellee's lot which was purchased from a larger tract may be restricted to residential purposes by implication. Appellee's deed contains no restrictions, no restrictions are listed on the subsequently recorded subdivision plat, and no restrictions have been otherwise reduced to writing. The sole evidence relied upon by the appellant is that at the time of the purchase of the lot by the

appellee one other lot from the tract had been sold to another person with restrictions for residential use, that he showed appellee a plat of the subdivision showing the lot sizes (but containing no restrictions), that the appellee had actual notice of a sign on the larger tract advertising "Home Sites for Sale," and that the appellant told the appellee at the time of his purchase that the lots were restricted to residential use.

We recognize the principle of implied covenants (*Westhampton, Inc. v. Kehoe,* 227 Ga. 642 (3) (182 SE2d 430)), however, we agree with the trial judge that the evidence here is insufficient to support such a finding and does not present an issue of fact for determination by a jury.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 13, 1973 — DECIDED NOVEMBER 29, 1973 — REHEARING DENIED DECEMBER 17, 1973.

D. L. Rampey, Jr., for appellant.
*Heard, Leverett & Adams, L. Clifford Adams, Jr.,* for appellee.

