48912. VAUGHAN v. DUKE et al.

QUILLIAN, Judge.
The plaintiffs on their own behalf and as the

representatives of a class brought this action against 3 previous members of the Board of Commissioners of Clayton County, as well as the current Clayton County commissioners, and the Building Inspector of Clayton County. The thrust of the complaint was that a certain tract of land had been rezoned in 1972 from agricultural use to multi-family use and that the zoning was invalid for certain stated reasons. Count 1 stated that the board violated certain provisions of the Georgia law which required that zoning matters be held at a time most convenient to the average working person in Clayton County. Count 2 set out at the hearing that because one of the commissioners was disqualified there was not a quorum present at such hearing and therefore the subsequent vote of December 13, 1972 was illegal and void. Count 3 set out that the action in rezoning was unreasonable, arbitrary and constituted an abuse of discretion. Count 4 set out that Section 9 of Georgia Laws 1949, p. 223 was unconstitutional and void. As amended this court set out that Section 10 of Georgia Laws 1957, pp. 420, 427 and 428, as amended by Georgia Laws 1959, pp. 335, 340; Georgia Laws 1968, p. 1409; and Georgia Laws 1969, pp. 735, 737 were unconstitutional and void.

The complaint also set out that certain defendants are endeavoring to develop and take action on their respective tracts in accordance with the purported rezoning; that if permitted to do so the plaintiffs will suffer immediate and irrevocable harm from which they have no adequate remedy at law, and requested that the court enjoin the defendants from further proceedings. The complaint asked that the purported rezoning be canceled and set aside and that the property owners be enjoined from attempting to use the property for multi-family use, and that the building inspector be enjoined from issuing any building permit for such purposes.

After answers and defensive pleadings were duly filed by the various defendants, the case then came on for an interlocutory hearing in which affidavits by the defendants and the plaintiffs were introduced. The trial judge made various findings of fact at the close of the hearing and temporarily restrained and enjoined the

issuance of a permit for the development or use of the land in question. The trial judge then entered a judgment which set out that Count 3 contained no grounds or proof to support relief under that ground; that as to Count 4 that the Clayton County zoning ordinance specified therein was neither void nor unconstitutional. The court then found that the rezoning application failed to meet the ordinance requirements as to a public hearing and that further action on the same was therefore void and without effect. The county building inspector was temporarily restrained and enjoined from issuing any building permit and the individuals interested in developing the land were restrained and enjoined from taking any action under the rezoning application. Appeal was taken to this court. *Held:*

Under Georgia Laws 1949, pp. 223, 230, and 1971, p. 3054, there is a means provided for an appeal from Clayton County zoning decisions and for subsequent appeal to the superior court and, if necessary, from the court's decision. The plaintiffs in this case did not choose to use the method specified in such law. (This law is substantially similar to Code Ann. Ch. 69-8 (Ga. L. 1946, p. 191, as amended)). Where a party has exhausted or, because of the invalidity urged, need not exhaust his administrative or legal remedies, a court of equity may grant relief. *Toomey v. Norwood Realty Co., Inc.,* 211 Ga. 814, 818 (89 SE2d 265); *Taylor v. Shetzen,* 212 Ga. 101 (1 & 2) (90 SE2d 572).

It is clear that the relief which the plaintiff sought was granted by the court acting under its equitable jurisdiction to set aside or declare as void the ruling made by the County Commissioners of Clayton County, and to restrain enforcement of or action under such ruling. See *McLennan v. Clarke,* 230 Ga. 891 (199 SE2d 784). For this reason, we hold that the Supreme Court and not this court has jurisdiction of the appeal.

*Appeal transferred to the Supreme Court. Bell, C. J., and Clark, J., concur.*

Argued January 8, 1974 — Decided March 7, 1974.

*Albert B. Wallace, William R. L. Latson,* for appellant.
*Furman Smith, Jr.,* for appellees.