41226. MOORE et al. v. MALONEY et al.
(321 SE2d 335)

SMITH, Justice.

Appellants challenged the Atlanta City Council's decision to rezone a certain lot in northwest Atlanta. They also sought to have construction on the lot enjoined as prohibited by restrictive covenants. The trial court found the rezoning valid and the covenants invalid. Appellant raises four enumerations of error. We reverse.

Appellees plan to build seven town houses on a lot at the intersection of Pharr Road and Slaton Road. The lot, slightly smaller than one acre in size and originally zoned for a single-family residence, comprises the northeast corner of the intersection. Pharr Road ends there, at a three-way stop. Under appellees' plans, driveways would run into both Pharr Road and Slaton Road.

---

Slaton Road originally ended in a cul-de-sac, north of the intersection with Pharr Road. It has been extended so that it now runs to West Paces Ferry Road on the north. Slaton ends in an intersection with Andrews Drive on the south.

Development on the original section of Slaton Road consists of single-family homes. On the newer section, near West Paces Ferry Road, there is a town house project. There are also some non-residential buildings on that end of the road, owned by the Atlanta Historical Society.

The western end of Pharr Road, near Slaton Road, is developed with apartments and condominiums. An apartment complex borders the lot in question on the east. The other corner lot on Pharr and Slaton Roads and the lot opposite the end of Pharr Road are developed as single-family homes.

Appellees filed their request to have the property rezoned to allow the development of the town houses with the City of Atlanta Zoning Administrator. The City of Atlanta Neighborhood Planning Unit B Zoning Committee, the City of Atlanta Zoning Review Board, the City of Atlanta Professional Planning Staff, and the zoning committee of the Atlanta City Council all recommended that the request to rezone be denied. The Atlanta City Council rezoned the property to allow appellees to build the town houses.

Appellants and the various boards and agencies that recommended the denial of the request cited a number of reasons for that recommendation. The rezoning would violate the city's five and fifteen-year comprehensive development plans. The placement of driveways on both faces of the corner might cause traffic problems. The value of neighboring land might be affected. The rezoning would alter the nature of the original section of Slaton Road.

The City of Atlanta Zoning Administrator stated that the city council might have considered the tax base of the property involved and the need for a particular class of housing in that part of the city when it made its decision. He related that the council may not have based its decision on land-use planning as the various committees generally did.

Appellants produced evidence of the initial layout of a subdivision, Candler Plaza, Inc., which included the lot in question and neighboring lots. Appellants also produced evidence of restrictive covenants applying to one of the lots in Candler Plaza. The covenants were to run from 1959 until 1979. They were then to be self-renewing for another ten-year period.

1. Appellants, in their third enumeration of error, contend that the trial court erred in holding that none of the appellants had standing to challenge the rezoning. We agree. At least two appellants had the proper standing to challenge the city council's action.

To establish standing, appellants needed to show that they possessed a substantial interest that would be affected by the rezoning, and that the rezoning would cause them "special damage or injury not common to all property owners similarly situated." *DeKalb County v. Wapensky*, 253 Ga. 47, 48 (315 SE2d 873) (1984). Here, at least two appellants clearly have a major interest in property affected by the rezoning. Mrs. Moore and Mr. Black own lots adjacent to the property in question here. Any change in the nature of the use of appellees' lot would clearly affect Mrs. Moore's lot and Mr. Black's lot before any other property.

As to special injury, appellants produced evidence that their property value would decline if seven town houses were erected on the lot. There was evidence that Mrs. Moore and Mr. Black would suffer greater loss in property value than other neighbors because of their location relative to appellees' lot.[1] Appellants also produced evidence that the development would create "visual intrusions on peace and privacy," and traffic problems related to the physical layout of the lot and the intersection, not just an increase in traffic. See *Wapensky*, supra at 48, 49.

Although appellees produced evidence that appellants' land values might increase in the long run, the evidence seen in totality establishes a substantial interest on behalf of appellants Moore and Black, and special injury to that interest. The trial court erred in ruling that Mrs. Moore and Mr. Black did not have standing to challenge the city council's actions.

2. Appellants, in their first enumeration of error, contend that the trial court erred in not remanding this zoning case to the city council so that it might follow its own zoning procedure. Appellants charge that the council, among other errors, rezoned the lot in question in violation of the city zoning rules regarding comprehensive development plans.

Atlanta City Code § 16-27.011 states that it is the policy of the council that "favorable action shall be taken only upon making the following findings: 1) *Accord with comprehensive development plans.*" (Emphasis in original.) Atlanta City Code § 16-27.010 states

---

[1] We have accepted, in following the doctrine of specific performance, the idea that the monetary value of land is neither an accurate gauge of, nor an adequate substitute for the true value of the land. Thus, while the loss of economic value of land may be one manifestation of specific damages caused by rezoning and may be sufficient by itself to support standing, we will not require evidence of a specific change in property value as a prerequisite for the attainment of standing. Where, as here, the parties who seek standing own property contiguous to the rezoned lot and have to live with any changes in the use of the property, such a requirement would be particularly inappropriate. (Hill, C. J., concurring specially in *Wapensky*, supra.)

We also note that in judging special damages here, we are not judging the merits of the rezoning itself, we are only determining the effect of the rezoning on the plaintiff.

that upon receiving reports from the planning bureau and the zoning review board, the council "shall proceed to act on the proposed changes, passing or rejecting the amendments or suspending action where prior changes in comprehensive development plans are required and council finds reasonable justification for considering such changes." In addition, Atlanta City Code § 16-27.004 states, "The [planning] bureau shall not recommend any change not in accord with adopted comprehensive development plans but may, where it sees fit, recommend changes in such plans, following which, if such plans are officially adopted, the zoning change may be reconsidered without prejudice and without a new application if an application is involved."

We have, in the past, remanded rezoning decisions to the local authorities with the order that they follow notice procedures which were not followed in the rezoning process. *Brand v. Wilson*, 252 Ga. 416 (314 SE2d 192) (1984). Here, the city council clearly ignored the requirements of the city zoning ordinance regarding comprehensive development plans. We hold that the trial court erred in not returning the case to the city council "to be decided in accordance with applicable requirements of law." *Brand*, supra at 418.

3. Appellants contend, in their fourth enumeration of error, that the trial court erred in ruling that appellees' property was not bound by restrictive covenants which would prevent construction of anything except single-family residences on the lot. Appellants produced a plat of the original subdivision, Candler Plaza, Inc., and a deed in Mrs. Moore's chain of title which contained restrictions on her lot purportedly binding all lots in Candler Plaza. Appellees presented all of the deeds in their chain of title leading back to the original deed from Mimosa Corporation to Candler Plaza, Inc. No restrictive covenants appeared anywhere in appellees' chain of title.

The trial court did not err in ruling that this evidence was insufficient to establish an implied covenant binding appellees and other property owners who did not have the restrictions in their chain of title. *Rampey v. Jenkins*, 231 Ga. 532 (202 SE2d 453) (1973).

4. In view of our holding in Division 3 it is unnecessary to address the remaining enumerations of error.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 17, 1984 — REHEARING DENIED NOVEMBER 6, 1984.

*Savell, Willams, Cox & Angel, A. Cullen Hammond,* for appellants.

*Thomas A. Bowman, Troutman, Sanders, Lockerman & Ashmore, Herbert D. Shellhouse,* for appellees.