A98A1048. AT&T WIRELESS PCS, INC. et al. v. LEAFMORE FOREST CONDOMINIUM ASSOCIATION OF OWNERS et al.
(509 SE2d 374)

JOHNSON, Presiding Judge.

AT&T Wireless PCS, Inc. and Oak Grove Animal Clinic, P.C. appeal from the superior court's grant of summary judgment to the Leafmore Forest Condominium Association of Owners and residents of the Leafmore Condominiums (collectively "Leafmore"), permanently enjoining AT&T from building a communication tower on the clinic's property. For reasons which follow, we affirm the grant of summary judgment to Leafmore.

The property on which Oak Grove Animal Clinic is located was initially zoned to be used for residential purposes. The property owner applied to the DeKalb County Board of Commissioners to have the property rezoned from residential to commercial in order to locate the clinic on the property. After a public hearing, the Board of Commissioners approved the rezoning, but conditioned the commercial zoning on the property being used only as a veterinary clinic. The rezoning was also expressly conditioned on the clinic meeting certain noise, odor, and buffer-zone requirements so as to minimize the rezoning's effects on the adjoining condominium community.

After the clinic was built, AT&T entered into an agreement with the clinic in which AT&T would be allowed to build and operate a 180-foot communication tower on the clinic property. AT&T applied to the DeKalb County Department of Public Works (the "depart-

---

[5] That ruling granted in part and denied in part appellees' motion for summary judgment.

ment") for a permit to build the tower and a facility to house the operating equipment. The department advised AT&T that the conditional rezoning requirements could be satisfied if the tower was classified as a flagpole with antenna equipment attached and if the equipment needed to operate the tower was located inside the clinic building rather than in a separate facility. The assistant director of the DeKalb County Planning Department wrote a letter to the department expressing its approval of this advice. AT&T then amended its application as advised, and the department granted the building permits.

When residents of Leafmore, whose property abuts the rear of the clinic property, learned that the tower was being constructed, they demanded that AT&T stop construction. AT&T did not comply with the demands, and Leafmore filed a declaratory action in superior court against AT&T and the clinic (hereinafter collectively "AT&T"), including a motion for a temporary restraining order and preliminary injunction. Leafmore alleged that the building permits were invalid and that the tower should not be built. The trial court denied the motions for temporary restraining order and preliminary injunction. The trial court later granted Leafmore's motion for summary judgment and permanent injunction, holding that the department exceeded its authority in approving the building permits since it effectively changed the permitted use of the property without the required notice and approval by the DeKalb County Board of Commissioners. We granted AT&T's application for discretionary appeal from the grant of summary judgment to Leafmore. For the reasons which follow, we affirm the judgment of the superior court.

1. AT&T contends the trial court erred in finding that Leafmore has standing to challenge the issuance of the building permits. We disagree.

To establish standing, Leafmore needed to show that it possessed a substantial interest that would be affected by the rezoning and that the rezoning would cause it special damage or injury not common to all property owners similarly situated. *DeKalb County v. Wapensky*, 253 Ga. 47, 48 (1) (315 SE2d 873) (1984). The term "similarly situated" refers to persons in the general community who may merely suffer inconvenience and excludes those persons who stand to suffer damage or injury to their property which derogates from their reasonable use and enjoyment of it. *Macon-Bibb County &c. v. Vineville Neighborhood Assn.*, 218 Ga. App. 668, 669 (1) (462 SE2d 764) (1995). Although this case does not involve a rezoning decision as such, it does involve a zoning matter. Accordingly, we find the same legal principles applicable. See generally *Preservation Alliance &c. v. Norfolk Southern Corp.*, 202 Ga. App. 116, 117 (413 SE2d 519) (1991).

The condominium owners have shown they have a substantial interest that would be affected by the building of the tower and that their damage differs from that suffered by the general community. Six of the owners submitted affidavits stating that they own units adjacent to and located within 40 to 100 feet of the clinic and 130 to 150 feet of the tower. The tower will be visible from their units and interfere with their enjoyment of their units and the common areas. The change in the use of the clinic property would affect their property.

As to special damage or injury, the owners produced evidence that the location of the tower on the adjacent lot might cause a decline in the value of their property. Although AT&T produced evidence to the contrary, the evidence in its totality establishes a substantial interest on the owners' behalf. See *Moore v. Maloney*, 253 Ga. 504, 506 (1) (321 SE2d 335) (1984). We note that loss of economic value of land may be one manifestation of damages caused by rezoning and may be sufficient by itself to support standing, but evidence of a change in property value is not required as a prerequisite for the attainment of standing. Id. Where the parties who seek standing own property contiguous to the rezoned lot and have to live with any changes in the use of the property, such a requirement would be inappropriate. Id. at n. 1.

In *Wapensky*, supra at 49, the Supreme Court of Georgia stated that the adjoining property owners who will bear the brunt of the changed conditions resulting from the development of the site have a substantial interest in the county's decision to permit the development. Here, the Leafmore residents would bear the brunt of the changed conditions. They were the express beneficiaries of the rezoning conditions which they seek to enforce. Besides limiting the use of the property to a veterinary clinic, the Board of Commissioners required the clinic to retain the wooded area behind it "as a buffer to the adjoining condos," install lighting so as not to shine on adjoining residential properties, and meet certain sound- and odor-proofing criteria to protect the residents of the condominiums located to the rear of the clinic. Thus, the Commissioners clearly intended to minimize the clinic's intrusion upon the adjoining condominium property. The Leafmore residents cannot be said to be merely "casting themselves in the role of 'champions of the community.'" See id.

2. AT&T contends the trial court erred in granting Leafmore's motion for summary judgment when Leafmore did not exhaust its administrative remedies before challenging the issuance of the building permits in superior court. AT&T argues that Leafmore should have appealed the decision to the board of appeals, but that it failed to do so.

Indeed, it is generally true that a party must exhaust adminis-

trative remedies before appealing to superior court. OCGA § 50-13-19 (a). However, the mere existence of an unexhausted administrative remedy does not, standing alone, afford a defendant an absolute defense to a legal action. *City of Waycross v. Reid Rental Co.*, 186 Ga. App. 452, 454 (367 SE2d 305) (1988). For instance, exhaustion is not required where the defect urged goes to the power of the agency to issue the order. Id.

In this case, Leafmore challenged the department's administrative action as an unlawful usurpation of the Board of Commissioners' rezoning powers. Because Leafmore urged that the department was not authorized to effectively alter the conditional rezoning on the property, Leafmore was not required to exhaust administrative remedies before initiating a declaratory judgment action. See generally *City of Waycross*, supra; *Vaughan v. Duke*, 131 Ga. App. 198, 200 (205 SE2d 499) (1974); *Toomey v. Norwood Realty Co.*, 211 Ga. 814, 818 (2) (89 SE2d 265) (1955). Leafmore's failure to pursue other remedies was not fatal to its petition.

3. AT&T claims summary judgment was improperly granted to Leafmore because the department did not change the rezoning conditions and the construction constituted a permissible accessory use of the property.

The ordinance passed by the Board of Commissioners in approving the conditional rezoning of the property states that its use is limited to a veterinary clinic. It also imposes restrictions intended to minimize the impact of the rezoning on the residents of the adjoining condominiums, including lighting, noise, odor, and buffer-zone requirements. The conditions were imposed to protect the neighbors and lessen the effect of the zoning change. The conditions were an integral part of the rezoning and should have been considered by the department. In light of all the circumstances, the placement of a communication tower on the clinic property constituted a change in the conditional zoning restrictions.

AT&T argues that property zoned for commercial development, as was the clinic property, permits accessory uses, flagpoles and communication towers. AT&T also claims that the DeKalb County Director of Planning is authorized to grant minor variances and to approve alterations in rezoning conditions. In sum, it argues the department's decision to issue the building permit was an exercise of its discretion in construing and applying its zoning ordinance. However, our review of the record reveals that most of the DeKalb County ordinance sections relied upon by AT&T are not included in the record on appeal, namely, those sections concerning permitted uses of commercial property, whether accessory uses, flagpoles and communication towers are permitted, and whether the planning department is authorized to approve alterations to rezoning conditions. This Court

cannot take judicial notice of county ordinances; the ordinances must be alleged and proved. *Childers v. Richmond County*, 266 Ga. 276, 277 (467 SE2d 176) (1996); see *Police Benevolent Assn. &c. v. Brown*, 268 Ga. 26, 27 (2) (486 SE2d 28) (1997). Therefore, AT&T presents no grounds for reversal.

The duty of this Court on appeal is to decide whether the record supports the initial decision of the administrative agency. *Hanrahan v. City of Atlanta*, 230 Ga. App. 67 (495 SE2d 324) (1997). Because the evidence of record does not support the administrative agency's decision to issue the building permits, we affirm the judgment of the superior court, reversing the administrative decision.

4. AT&T contends the superior court erred in finding that it did not have a vested right in the building permits and that the permits could be revoked without impairing its constitutionally protected property rights. "The issuance of a building permit results in a vested right only when the permit has been legally obtained and is valid in every respect and has been validly issued. Where a permit is issued by a governing body in violation of an ordinance, even under a mistake of fact, it is void, and its holder does not acquire any rights," even if substantial expenditures have been made in reliance on the void permit. (Citations and punctuation omitted.) *Matheson v. DeKalb County*, 257 Ga. 48, 49 (3) (354 SE2d 121) (1987); *City of Hampton v. Briscoe*, 207 Ga. App. 501, 503-504 (428 SE2d 411) (1993). In this case, the building permits were invalid and conferred upon their holder no legal rights. See id. at 504.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 17, 1998

*Parker, Hudson, Rainer & Dobbs, J. Marbury Rainer, Jack C. Basham, Jr., McCullough & Sherrill, Kathryn M. Zickert*, for appellants.

*Susan M. Garrett, H. Ed Martin, Jr.*, for appellees.