A99A0534. HELMLEY et al. v. LIBERTY COUNTY et al.
(531 SE2d 756)

RUFFIN, Judge.

Appellants, a group of Liberty County property owners, filed suit challenging the Liberty County Board of Commissioners' decision to rezone the property of their neighbor, Huey Jeffers, for commercial use. Appellants also alleged that Jeffers' operation of a crabbing business on the property violated a restrictive covenant in his deed. Following a hearing, the superior court entered judgment against appellants, and we affirm.

1. As appellants do not challenge the factual findings of the superior court, we accept those findings as correct. The relevant facts are as follows. In 1968, Jeffers purchased a parcel of waterfront property on the Isle of Wight in Liberty County. The property was subject to a restrictive covenant prohibiting its use for commercial purposes, but Jeffers was unaware of the covenant. Within months of the purchase, Jeffers began a commercial fishing and crabbing operation on the property and built a dock, boat hoist, and other structures to that end. The business was fully operational by 1975, when Liberty County adopted a zoning ordinance. Although the property was zoned DM-1 (Dunes and Marshes District — apparently a noncommercial designation), Jeffers continued to operate the business without any formal complaint until this litigation was instigated.

Jeffers' dock could safely accommodate only two boats, but his business used four. Thus, in December 1996, Jeffers applied to the Liberty County Joint Planning Commission and Liberty County Board of Commissioners for a variance to allow the construction of a

---

[7] (Citations and punctuation omitted.) *Gee v. State*, 210 Ga. App. 60, 61 (3) (435 SE2d 275) (1993).

new dock and walkway on the property. The Joint Planning Commission denied the application on the ground that the county zoning ordinance prohibits enlargement of preexisting nonconforming uses beyond 25 percent. Rather than apply to the Board of Commissioners, Jeffers withdrew his application for a variance.

In February 1997, however, Jeffers applied to the Joint Planning Commission and Board of Commissioners to rezone the property from DM-1 to B-2 (General Commercial District). The Joint Planning Commission recommended denial of the request. In May 1997, the Board of Commissioners held a public hearing to consider Jeffers' rezoning application. The Board then rezoned Jeffers' property to B-1 (Neighborhood Commercial District), subject to a number of conditions contained in a Declaration and Acceptance of Conditions to Rezoning entered into between Jeffers and Liberty County. The trial court found that these conditions fully addressed the concerns of appellants.

Appellants contend that the Board's rezoning decision must be set aside. Our review of that decision is limited. As the Supreme Court of Georgia has held, "[w]hen neighbors of rezoned property challenge the rezoning in court on its merits, it will be set aside only if fraud or corruption is shown or the rezoning power is being manifestly abused to the oppression of the neighbors."[1] Rezoning decisions also may be remanded if the local authority failed to follow its own zoning procedures.[2]

According to appellants, the Board exceeded its own authority by rezoning Jeffers' property. First, appellants argue that Liberty County zoning regulations prohibit the expansion of a nonconforming use of a building or structure beyond 25 percent — yet Jeffers' new dock and walkway will amount to a 50 percent expansion. Appellants fail to provide any record citation to support this assertion.[3] We note, however, that the Joint Planning Commission apparently denied Jeffers' request for a variance because his proposed expansion would have run afoul of the county code's 25 percent cap on enlargements of nonconforming uses. But the Board did not grant Jeffers a variance; it rezoned his property so that it is no longer a nonconforming use. Thus, the 25 percent limitation no longer applies.

Second, appellants contend that the Board was required to consider 14 factors in ruling on Jeffers' rezoning application but did not

---

[1] *Cross v. Hall County*, 238 Ga. 709, 711 (1) (235 SE2d 379) (1977).

[2] See *Moore v. Maloney*, 253 Ga. 504, 506-507 (2) (321 SE2d 335) (1984) (remanding rezoning decision where "the city council clearly ignored the requirements of the city zoning ordinance regarding comprehensive development plans").

[3] See Court of Appeals Rule 27 (c) (3) (i) ("Each enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider such enumeration.").

do so. Appellants fail to cite to any authority governing the Board's decision-making process. We assume that the Liberty County Code governs that process, but the record contains only a few sections of the county code attached as exhibits to the complaint, and those sections do not address the Board's decision-making process. "This Court cannot take judicial notice of county ordinances; the ordinances must be alleged and proved."[4] As appellants have failed to put the relevant authority in the record, we have nothing to review.

Third, appellants argue that the Board improperly rezoned Jeffers' property to B-1 as a "drive-in commercial operation," even though his business is too large to fit that definition. Once again, however, appellants fail to cite to any authority to support this asserted error. We can find no copy of the Board's decision in the record and no authority defining the uses of property zoned as B-1 in Liberty County. Accordingly, this argument also presents nothing to review.

Finally, appellants argue that the trial court erred by stating in its final order that there was no credible evidence that the rezoning would "negatively impact the property values of neighboring residences, said residences consisting primarily of mobile homes and other modest dwellings." Appellants do not challenge the finding of no adverse effect on property values but claim that the trial court improperly relied upon the fact that their residences were "modest dwellings." Pretermitting whether the value of appellants' property was a proper matter for the trial court's consideration,[5] it is clear from the order that the court's ruling was based on its finding that the agreement between Jeffers and Liberty County addressed all of appellants' legitimate complaints about the rezoning.[6] The reference to property values was merely a comment by the court on the lack of evidence.

2. Appellants argue that Jeffers is bound by a covenant in the deed to his property prohibiting the use of the property for commercial purposes. The trial court found that the covenant had expired by operation of law. Pretermitting whether the covenant had expired, we find that appellants' claim is barred by the applicable statute of limitation.

Georgia law requires that "[a]ll actions for breach of any covenant restricting lands to certain uses shall be brought within two

---

[4] *AT&T Wireless PCS v. Leafmore Forest Condo. Assn. &c.*, 235 Ga. App. 319, 322-323 (3) (509 SE2d 374) (1998).

[5] Once again, appellants cite no authority for their argument.

[6] See *Cross*, supra at 713 (2) ("Where the conditional zoning is otherwise valid, the conditions imposed for the protection or benefit of neighbors cannot be attacked successfuly by those neighbors.").

years after the right of action accrues."[7] The right of action accrues *"immediately* upon the violation of the covenant."[8] The trial court found that Jeffers started his commercial fishing and crabbing business within months of buying the property and built a dock and other structures to that end. Thus, any cause of action against Jeffers for violating the restrictive covenant in his deeds accrued more than 20 years before appellants filed suit.

Appellants contend — again without citation of authority — that Jeffers' expansion of his business is a fresh violation of the restrictive covenant for which they may sue. But Jeffers is not starting a new commercial venture or even changing the character of his current one; he is merely building larger facilities to accommodate a long-standing business. Appellants are essentially arguing that Jeffers' business is a continuing violation of the restrictive covenant. But the continuing violation theory does not apply in these circumstances.

The Supreme Court has held that "[t]he continuing tort theory . . . is not applicable to cases which involve only property damage."[9] This rule does not apply in the case of a continuing nuisance, which occurs "[w]here a nuisance is not permanent in its character, but is one which can and should be abated by the person erecting or maintaining it."[10] Appellants, of course, are suing for breach of a restrictive covenant, not for maintenance of a nuisance. We have found no cases applying the continuing nuisance theory to a claim for breach of a restrictive covenant. Even if appellants had brought a cause of action for nuisance, however, their claim would still be time-barred. In *Southfund Partners v. City of Atlanta,*[11] we concluded that the operation of an airport was not a continuing nuisance because the damage associated with the airport's operation was apparent from its inception.[12] Here, likewise, appellants could have ascertained the problems with Jeffers' business long before they filed suit in 1997. Their claim for breach of the restrictive covenant is time-barred.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED MARCH 17, 2000.

*Barr, Warner, Lloyd & Henifin, Karen D. Barr, A. Howard Henifin,* for appellants.

---

[7] OCGA § 9-3-29 (a).
[8] (Emphasis supplied.) OCGA § 9-3-29 (c).
[9] *Corp. of Mercer Univ. v. Nat. Gypsum Co.*, 258 Ga. 365, 366 (2) (368 SE2d 732) (1988).
[10] (Punctuation omitted.) *Shaheen v. G & G Corp.*, 230 Ga. 646, 648 (198 SE2d 853) (1973).
[11] 221 Ga. App. 666 (472 SE2d 499) (1996).
[12] Id. at 669 (3).

*Jones, Osteen, Jones & Arnold, James N. Osteen, L. Kelly Davis, Leon M. Braun, Jr.,* for appellees.