## A08A1010. HARDEN et al. v. BANKS COUNTY et al.

(670 SE2d 133)

JOHNSON, Presiding Judge.

The Banks County Board of Commissioners approved Bobby Caudell's request to rezone 126 acres of rural property for subdivision development. Willis and Bettie Harden, who own land next to the proposed development, objected to the rezoning and petitioned for judicial review of the Board's decision. Following an evidentiary hearing, the trial court affirmed the Board. We granted the Hardens' application for discretionary appeal, and for reasons that follow, we reverse.

The record shows that the Hardens reside and maintain a wholesale plant nursery on their property. In connection with the business, the Hardens grow various plants, which they sell to retail stores and garden centers. The sole irrigation source for many of their plants is a lake located on their land approximately 400 feet "downstream" from Caudell's property.[1] The Hardens' plant business generated almost $1 million in sales during 2006.

In June 2006, Caudell submitted his Rezoning Application Form to the Banks County Zoning Administration, seeking to rezone his property from an "agricultural-rural residential" use to a single-family residential district appropriate for a subdivision. Caudell's application included an aerial survey of the property, as well as the following statement of intent:

> I intend to have a subdivision with approximately 98 site-built homes with prices averaging from $160,000-$180,000. Projected completion in 3-5 years. We will have covenants on the subdivision, that will include paved driveways, attached garages, and sodded front yards. Streets will be curb and gutter as required by the county.

Under the Banks County zoning ordinance, Caudell was also required to submit a site plan containing specific information about, among other things, the property boundaries, existing and proposed streets, water courses, and the proposed development's "physical characteristics."[2] Although Caudell did not include a formal site plan, the zoning officer who reviewed Caudell's application concluded that the aerial survey, which outlined the property lines and existing roads bordering the property, satisfied the site plan require-

---

[1] It appears that the property Caudell sought to rezone actually belonged to a third party, Marianne Wylly. For ease of discussion, however, we will refer to the land at issue in the rezoning request as Caudell's property.

[2] See Banks County Zoning Ordinance, §§ 1103.2 (d), 1103.3.

ment. The zoning officer presented the application to the Planning Commission with the recommendation that it be approved.

The Planning Commission voted in favor of Caudell's application and forwarded it to the Board of Commissioners, which held a public hearing. At the hearing, one commissioner asked Caudell to provide a preliminary plat of the proposed subdivision, but Caudell stated that the cost of producing a plat was prohibitive. The Board tabled the application until the next regular meeting so that members could consider the development's potential impact on the county. Ultimately, the Board approved Caudell's proposal with certain conditions, such as requiring a 35-foot undisturbed buffer of green space around a creek on the property.

The Hardens petitioned the superior court for review of the Board's decision, asserting that the subdivision development would adversely affect water quality on their property, impacting their nursery business. The Hardens also challenged the rezoning on several procedural grounds, including that Caudell failed to submit a site plan with his application. The trial court rejected the Hardens' challenge, finding that (1) they lacked standing to question the Board's decision, and (2) even if they had standing, the Board did not err in granting Caudell's request.

1. We will first address the threshold issue of standing. To establish standing in a zoning case, "a citizen must have a substantial interest, which must suffer substantial damage by reason of the contested zoning change."[3] A trial court's decision with respect to standing will not be reversed absent clear error, although we review de novo any questions of law inherent in that decision.[4]

The trial court properly determined that the Hardens, as adjacent property owners, had a substantial interest in the zoning decision.[5] It further found, however, that the Hardens had not demonstrated "substantial damage" because they "failed to specify any specific amount of damage" that would result from the rezoning. We disagree.

To show substantial damage, the complaining party must "be in danger of suffering some special damage or injury not common to all property owners similarly situated."[6] The damage must be specific to

---

[3] *Brand v. Wilson*, 252 Ga. 416, 417 (1) (314 SE2d 192) (1984).

[4] *Hollberg v. Spalding County*, 281 Ga. App. 768, 772 (2) (637 SE2d 163) (2006).

[5] See *DeKalb County v. Wapensky*, 253 Ga. 47, 49 (1) (315 SE2d 873) (1984) (adjacent property owners who "bear the brunt of the changed conditions" resulting from rezoning have a substantial interest in the zoning decision); *Moore v. Maloney*, 253 Ga. 504, 506 (1) (321 SE2d 335) (1984) (adjacent property owners had substantial interest in rezoning action because any change in use of rezoned property would affect adjacent property first).

[6] *Wapensky*, supra at 48 (1).

the aggrieved party, not simply a condition that all property owners will experience.[7] In this case, the Hardens offered unrefuted expert testimony that Caudell's subdivision development will create "turbid" or muddy water runoff that will enter their property and irrigation lake. The expert anticipated that the lake's "turbidity" would return to normal levels after the subdivision's completion. But Caudell informed the Board that construction would last from three to five years. And the expert testified that the amount and impact of the runoff would increase with the number of houses built.

We recognize that muddy runoff is a condition that many neighboring property owners might experience during subdivision development. The Hardens, however, offered evidence that the condition will cause them *special* damage. In particular, Willis Harden testified that he cannot sell shrubs irrigated with muddy, turbid water. According to Harden, turbidity in the irrigation lake will put his nursery "out of business."

The Hardens have an interest in the zoning decision not only as adjacent homeowners, but also as business owners, and we cannot ignore the potential impact of the Board's decision on that business. Given Willis Harden's undisputed testimony that turbidity in his irrigation lake will substantially harm his nursery operation, the trial court erred in finding that the Hardens lacked standing to challenge the Board's decision.[8]

2. In their petition to the superior court, the Hardens raised numerous challenges to the zoning decision. On appeal, however, they focus solely on their claim that the Board erred in approving Caudell's request without a site plan.

The record shows that Caudell submitted an aerial property survey with the rezoning application, as well as a brief, narrative description of his proposed subdivision. But he offered no site plan or plat depicting the development, its streets, buildings, or other "physical characteristics," as required by the zoning ordinance.[9] The zoning officer who received Caudell's application testified that the

---

[7] See id.

[8] See id. at 49 (1) (substantial damage from rezoning found where evidence showed not only that neighboring property values would decrease, but also "that additional damages in the form of noise, odor, and visual intrusions on peace and privacy would occur to deny in varying degrees the complainants' use of their property"); *Moore*, supra at 506 (1) (special injury demonstrated, in part, by evidence that new development would intrude on neighbors' peace and privacy and create specific traffic problems for neighbors); see also *AT&T Wireless PCS v. Leafmore Forest Condo. Assn. of Owners*, 235 Ga. App. 319, 321 (1) (509 SE2d 374) (1998) (evidence of a change in property value is not required to show standing because, "[w]here the parties who seek standing own property contiguous to the rezoned lot and have to live with any changes in the use of the property, such a requirement would be inappropriate") (citation omitted).

[9] Banks County Zoning Ordinance, § 1103.3 (d).

county must strictly comply with policies and procedures governing rezoning applications. Nevertheless, he found that the aerial survey satisfied the "site plan" requirement and recommended that the rezoning request be approved. Thereafter, the Board expressed some concern about the site plan, but approved Caudell's request without obtaining the information demanded by the ordinance.

The Hardens contend that by failing to obtain a site plan, the Board deprived them of fair notice regarding Caudell's application.[10] Pointing out that Georgia courts "repeatedly have required strict compliance with the notice requirements of zoning ordinances,"[11] the Hardens argue that we must reverse. The trial court, however, rejected the Hardens' notice argument, finding that the county enacted the site plan requirement to aid the Board in its zoning decision, not to provide notice to concerned neighbors.

Pretermitting whether a site plan provides notice to neighbors or aids the Board, its inclusion in Caudell's application was mandatory.[12] Moreover, the zoning ordinance required county officials to review Caudell's application based on specific criteria, such as the land use, development suitability, and the impact of the rezoning on nearby property.[13] Without a site plan, officials had little information about Caudell's actual proposed use and how that use would affect the property, hindering their ability to analyze the required criteria.

Generally, "when neighbors of rezoned property challenge the rezoning in court on its merits, it will be set aside only if fraud or corruption is shown or the rezoning power is being manifestly abused to the oppression of the neighbors."[14] But a zoning case may also be remanded "if the local authority failed to follow its own zoning procedures."[15] Banks County officials neglected to obtain the required site plan from Caudell, thus ignoring mandatory zoning requirements and depriving themselves of key information relating to the proposed subdivision development.[16] Accordingly, the trial court erred in affirming the Board's decision, and we must remand

---

[10] See *Brand*, supra at 418 (2) (purpose of county's site plan requirement "was to give surrounding property owners notice of the use to which the property would be put if rezoned").

[11] (Citation omitted.) Id.

[12] See Banks County Zoning Ordinance, § 1103.2 (site plan "shall be filed in connection with applications").

[13] See Banks County Zoning Ordinance, § 1104.

[14] (Punctuation and footnote omitted.) *Helmley v. Liberty County*, 242 Ga. App. 881, 882 (1) (531 SE2d 756) (2000).

[15] (Footnote omitted.) Id.

[16] Compare *Barton v. Atkinson*, 228 Ga. 733, 740-741 (1) (187 SE2d 835) (1972) (trial court erred in setting aside zoning decision based on local officials' failure to read certain reports at the public hearing; although statute required that the reports be read, purpose of the law was to provide the reports to the local authorities, and evidence showed that the authorities had been given the reports).

with direction that the case be returned to the Board for further consideration in compliance with applicable zoning requirements.[17]

*Judgment reversed and case remanded with direction. Barnes, C. J., and Phipps, J., concur.*

DECIDED NOVEMBER 3, 2008.

*Kurt D. Ebersbach*, for appellants.
*Fox, Chandler, Homans, Hicks & McKinnon, Robert L. Chandler, Wanda L. Barnett*, for appellees.